**WO**                                                                                          KM

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Everett Gregory Casteel, | No. CV 12-1903-PHX-GMS (BSB) |
| Petitioner, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

On September 6, 2012, Petitioner Everett Gregory Casteel, who is confined in the Arizona State Prison Complex-Eyman, filed a *pro se* pleading that the Court will construe as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not paid the $5.00 filing fee or filed an Application to Proceed *In Forma Pauperis* and the Petition is not filed on a court-approved form.

**I.    Failure to Pay Filing Fee**

Rule 3.5(b) of the Local Rules of Civil Procedure requires that "[i]f a habeas corpus petitioner desires to prosecute the petition *in forma pauperis*, the petitioner shall file an application to proceed [*in forma pauperis*] on a form approved by the Court, accompanied by a certification of the warden or other appropriate officer of the institution in which the petitioner is confined as to the amount of money or securities on deposit to the petitioner's credit." Rule 3.5(b) also requires payment of the $5.00 filing fee if a petitioner has in excess

**JDDL**

1   of $25.00 in his inmate account.

2       Because Petitioner has not paid the $5.00 filing fee or filed an Application to Proceed

3   *In Forma Pauperis*, Petitioner will be given 30 days from the date this Order is filed to either

4   pay the $5.00 filing fee or file a completed Application to Proceed *In Forma Pauperis* using

5   the form included with this Order.

6   **II.    Failure to File on Form**

7       Local Rule of Civil Procedure 3.5(a) requires that petitions for writ of habeas corpus

8   "shall be signed and legibly written or typewritten on forms approved by the Court."  The

9   Petition in this action is filed on a civil rights complaint form, not on the court-approved form

10  for filing a petition for writ of habeas corpus.  Because the Petition does not substantially

11  comply with Local Rule of Civil Procedure 3.5(a), the Court will dismiss the Petition with

12  leave to amend.

13      Petitioner will have 30 days from the date this Order is signed to file an amended

14  petition on a completed, court-approved form, using the form included with this Order, and

15  may not incorporate any part of the original Petition by reference.

16      Petitioner should note that pursuant to 28 U.S.C. § 2254, "a district court shall

17  entertain an application for writ of habeas corpus in behalf of a person in custody pursuant

18  to the judgment of a State court only on the ground that he is in custody in violation of the

19  Constitution or laws or treaties of the United States."  Accordingly, Petitioner's grounds for

20  relief must state how his conviction and/or sentence violates the Constitution, laws or treaties

21  of the United States.

22      Petitioner is also cautioned that a prisoner attacking his state conviction must exhaust

23  state remedies before a federal court will entertain a petition for writ of habeas corpus.  Rose

24  v. Lundy, 455 U.S. 509 (1982); Szeto v. Rushen, 709 F.2d 1340 (9th Cir. 1983).  The federal

25  court will not entertain a petition for writ of habeas corpus unless each and every issue has

26  been exhausted.  Rose, 455 U.S. at 521-22.

27      All grounds alleged in the original Petition that are not alleged in an amended petition

28  will be waived.  Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir.

1   1990) ("an amended pleading supersedes the original"); <u>King v. Atiyeh</u>, 814 F.2d 565, 567

2   (9th Cir. 1987).[1]

3   **III.   Warnings**

4       **A.   Address Changes**

5       Petitioner must file and serve a notice of a change of address in accordance with Rule

6   83.3(d) of the Local Rules of Civil Procedure.  Petitioner must not include a motion for other

7   relief with a notice of change of address.  Failure to comply may result in dismissal of this

8   action.

9       **B.   Copies**

10       Because Petitioner is currently confined in ASPC-Eyman and this case is subject to

11   General Order 12-25, Petitioner is not required to submit an additional copy of every filing

12   for use by the Court, as would ordinarily be required by Local Rule of Civil Procedure 5.4.

13   If Petitioner is transferred to a prison other than ASPC-Eyman, he will be notified of the

14   requirements regarding copies for the Court that are required for inmates whose cases are not

15   subject to General Order 12-25

16       **C.   Possible Dismissal**

17       If Petitioner fails to timely comply with every provision of this Order, including these

18   warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik v. Bonzelet</u>,

19   963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

20   comply with any order of the Court).

21       **IT IS ORDERED:**

22       (1)   Within **30 days** of the date this Order is filed, Petitioner must either pay the

23   $5.00 filing fee **or** file a completed Application to Proceed *In Forma Pauperis*.

24

25   [1] The Court may dismiss any subsequent petitions as an abuse of the writ.  28 U.S.C.

26   § 2244(b)(2).  Title 28 U.S.C. § 2244(b) states that a District Court shall dismiss a claim
presented in a second or successive habeas corpus application under section 2254 that was
not presented in a prior application, except under certain circumstances. Furthermore, under

27   28 U.S.C. § 2244(b)(3)(A), before a second or successive application is filed in the district

28   court, the applicant must move in the court of appeals for an order authorizing the district
court to consider the application.

1    (2)    If Petitioner fails to either pay the $5.00 filing fee or file a completed
2    Application to Proceed *In Forma Pauperis* within 30 days, the Clerk of Court must enter a
3    judgment of dismissal of this action without prejudice and without further notice to
4    Petitioner.

5    (3)    The Petition (Doc. 1) is **dismissed** with leave to amend; Petitioner has **30 days**
6    from the date this Order is signed to file an amended petition on a court-approved form.

7    (4)    The Clerk of Court must enter a judgment of dismissal of this action without
8    prejudice and without further notice to Petitioner, if Petitioner fails to file an amended
9    petition within 30 days from the date this Order is signed.

10    (5)    The Clerk of Court must mail Petitioner a court-approved form for filing an
11    Application to Proceed *In Forma Pauperis* (Habeas) **and** a "Petition Under 28 U.S.C. § 2254
12    for a Writ of Habeas Corpus by a Person in State Custody."

13    DATED this 22nd day of October, 2012.

14

15    _A. Murray Snow_

16    G. Murray Snow
United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for Filing a Petition Under 28 U.S.C. § 2254**
**for a Writ of Habeas Corpus by a Person in State Custody**
**in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from the conviction or the sentence on the grounds that your conviction or sentence violates the United States Constitution or other federal law.  You also may use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.  **This form should not be used in death penalty cases.**  If you were sentenced to death, you are entitled to the assistance of counsel and you should request the appointment of counsel.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.5(a) provides that habeas corpus petitions must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages.  The form, however, must be completely filled in to the extent applicable.  You do not need to cite law.  If you want to file a brief or arguments, you must attach a separate memorandum.

3. <u>Your Signature</u>. You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.   The filing fee for this action is $5.00.  If you are unable to pay the filing fee, you may request permission to proceed *in forma pauperis* by completing and signing the Application to Proceed *In Forma Pauperis* provided with the petition form.  You must have an official at the prison or jail complete the certificate at the bottom of the application form.  If the amount of money in your account exceeds $25.00, you must pay the $5.00 filing fee.  LRCiv 3.5(b).

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your petition and of any other document submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should **file your petition in the division where you were convicted**.  <u>See</u> LRCiv 5.1(b).  If you are challenging a judgment of conviction entered in Maricopa, Pinal, Yuma, La Paz, or Gila County, file your petition in the Phoenix Division. If you are challenging a judgment of conviction entered in Apache, Navajo, Coconino, Mohave, or Yavapai County, file your petition in the Prescott Division.  If you are challenging a judgment of conviction entered in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file your petition in the Tucson Division.  <u>See</u> LRCiv 5.1(b) and 77.1(a).

**Mail the original and one copy of your petition with the $5.00 filing fee or the application to proceed *in forma pauperis* to:**

Phoenix & Prescott Divisions:        **OR**        Tucson Division:
U.S. District Court Clerk                                    U.S. District Court Clerk
U.S. Courthouse, Suite 130                              U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10              405 West Congress Street
Phoenix, Arizona  85003-2119                         Tucson, Arizona  85701-5010

7.  Change of Address.  You must immediately notify the Court and respondents in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must provide the respondents with a copy of any document you submit to the Court (except the initial petition and application to proceed *in forma pauperis*). Each original document (except the initial petition and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the respondents and the address to which it was mailed.  Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:   _____
Address: _____
        Attorney for Respondent(s)
_____
(Signature)

9.  Amended Petition.  If you need to change any of the information in the initial petition, you must file an amended petition.  The amended petition must be written on the court-approved form.  You may file one amended petition without leave (permission) of Court before any respondent has answered your original petition.  See Fed. R. Civ. P. 15(a).  After any respondent has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended petition. LRCiv 15.1.  An amended petition may not incorporate by reference any part of your prior petition.  LRCiv 15.1(a)(2).  **Any grounds not included in the amended petition are considered dismissed.**

10.  Exhibits.  If available, you should attach a copy of all state and federal court written decisions regarding the conviction you are challenging.  Do **not** submit any other exhibits with the petition.  Instead, you should paraphrase the relevant information in the petition.

11.  Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  Warnings.

    a.  Judgment Entered by a Single Court.  You may challenge the judgment entered by only one court.  Multiple counts which resulted in a judgment by the same court may be challenged in the same petition.  If you wish to challenge judgments entered by more than one court, however, you must file separate petitions for each judgment.

    b.  Grounds for Relief.  You must raise all grounds for relief that relate to this conviction or sentence.  Any grounds not raised in this petition will likely be barred from being raised in any subsequent federal action.

    c.  Exhaustion.  In order to proceed in federal court, you ordinarily must exhaust the remedies available to you in the state courts as to each claim on which you request action by the federal court.  If you did not fairly present each of your grounds to the Arizona Court of Appeals, your petition may be dismissed.  If you did not present one or more of your grounds to the Arizona Court of Appeals, explain why you did not.

**FINAL NOTE**

    You should follow these instructions carefully.  Failure to do so may result in your petition being stricken or dismissed by the Court.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the petition is being continued and number all pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ , )
(Full Name of Petitioner)                                )
                Petitioner,     )
                                      )
                vs.                     )   **CASE NO.** _____
                                        )               (To be supplied by the Clerk)
_____ , )
(Name of the Director of the Department of     )
Corrections, Jailor or authorized person having  )
custody of Petitioner)                                 )
                                        )   **PETITION UNDER 28 U.S.C. § 2254**
                                        )   **FOR A WRIT OF HABEAS CORPUS**
                Respondent,          )   **BY A PERSON IN STATE CUSTODY**
                and                  )   **(NON-DEATH PENALTY)**
The Attorney General of the State of _____ , )
                                        )
             Additional Respondent.     )
_____)

## PETITION

1.  (a)  Name and location of court that entered the judgment of conviction you are challenging: _____

    _____

    _____

    (b)  Criminal docket or case number: _____

2.  Date of judgment of conviction: _____

3.  In this case, were you convicted on more than one count or crime?     Yes ☐       No ☐

**530**

4.  Identify all counts and crimes for which you were convicted and sentenced in this case: _____

_____

_____

_____

5.  Length of sentence for each count or crime for which you were convicted in this case: _____

_____

_____

_____

6.  (a) What was your plea?
    Not guilty                            ☐
    Guilty                                ☐
    Nolo contendere (no contest)          ☐

    (b)  If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge,
    give details: _____

    _____

    _____

    _____

    (c)  If you went to trial, what kind of trial did you have?  (Check one)      Jury ☐        Judge only ☐

7.  Did you testify at the trial?      Yes ☐        No ☐

8.  Did you file a direct appeal to the Arizona Court of Appeals from the judgment of conviction?
    Yes ☐      No ☐

    If yes, answer the following:

    (a)  Date you filed: _____

    (b)  Docket or case number: _____

    (c)  Result: _____

    (d)  Date of result: _____

    (e)  Grounds raised: _____

    _____

    _____

    _____

    _____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

2

9.  Did you appeal to the Arizona Supreme Court?        Yes ☐        No ☐

    If yes, answer the following:

    (a)  Date you filed: _____

    (b)  Docket or case number: _____

    (c)  Result: _____

    (d)  Date of result: _____

    (e)  Grounds raised: _____

_____
_____
_____
_____
_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

10.  Did you file a petition for certiorari in the United States Supreme Court?  Yes ☐      No ☐

    If yes, answer the following:

    (a)  Date you filed: _____

    (b)  Docket or case number: _____

    (c)  Result: _____

    (d)  Date of result: _____

    (e)  Grounds raised: _____

_____
_____
_____
_____
_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

11.  Other than the direct appeals listed above, have you filed any other petitions, applications or motions concerning this judgment of conviction in any state court?        Yes ☐        No ☐

    If yes, answer the following:

3

(a)  First Petition.

    (1)  Date you filed: _____

    (2)  Name of court: _____

    (3)  Nature of the proceeding (Rule 32, special action or habeas corpus): _____

    (4)  Docket or case number: _____

    (5)  Result: _____

    (6)  Date of result: _____

    (7)  Grounds raised: _____

_____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(b)  Second Petition.

    (1)  Date you filed: _____

    (2)  Name of court: _____

    (3)  Nature of the proceeding (Rule 32, special action or habeas corpus): _____

    (4)  Docket or case number: _____

    (5)  Result: _____

    (6)  Date of result: _____

    (7)  Grounds raised: _____

_____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(c)  Third Petition.

    (1)  Date you filed: _____

    (2)  Name of court: _____

    (3)  Nature of the proceeding (Rule 32, special action or habeas corpus): _____

    (4)  Docket or case number: _____

    (5)  Result: _____

    (6)  Date of result: _____

    (7)  Grounds raised: _____

_____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(d)  Did you appeal the action taken on your petition, application, or motion to the:

                         <u>Arizona Court of Appeals:</u>          <u>Arizona Supreme Court:</u>

    (1)  First petition:   Yes ☐     No ☐          Yes ☐     No ☐

    (2)  Second petition:  Yes ☐     No ☐          Yes ☐     No ☐

    (3)  Third petition   Yes ☐     No ☐          Yes ☐     No ☐

(e)  If you did not appeal to the Arizona Court of Appeals, explain why you did not: _____

_____

_____

_____

_____

_____

12.  For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

    <u>**CAUTION:**  To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

**GROUND ONE**: _____

_____

_____

_____

_____

_____

    (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    (b)  Did you present the issue raised in Ground One to the Arizona Court of Appeals?  Yes ☐        No ☐

    (c)  If yes, did you present the issue in a:
          Direct appeal       ☐
          First petition       ☐
          Second petition    ☐
          Third petition      ☐

    (d)  If you did not present the issue in Ground One to the Arizona Court of Appeals, explain why: _____

_____

_____

_____

_____

    (e)  Did you present the issue raised in Ground One to the Arizona Supreme Court?  Yes ☐        No ☐

**GROUND TWO**: _____

_____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Did you present the issue raised in Ground Two to the Arizona Court of Appeals?  Yes ☐        No ☐

(c) If yes, did you present the issue in a:
          Direct appeal          ☐
          First petition          ☐
          Second petition        ☐
          Third petition          ☐

(d)  If you did not present the issue in Ground Two to the Arizona Court of Appeals, explain why: ____

_____

_____

_____

(e) Did you present the issue raised in Ground Two to the Arizona Supreme Court?  Yes ☐        No ☐

**GROUND THREE**: _____

_____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Did you present the issue raised in Ground Three to the Arizona Court of Appeals?  Yes ☐      No ☐

(c) If yes, did you present the issue in a:
          Direct appeal              ☐
          First petition             ☐
          Second petition            ☐
          Third petition             ☐

(d)  If you did not present the issue in Ground Three to the Arizona Court of Appeals, explain why: ___

_____

_____

_____

(e) Did you present the issue raised in Ground Three to the Arizona Supreme Court?  Yes ☐      No ☐

8

**GROUND FOUR**: _____

_____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Did you present the issue raised in Ground Four to the Arizona Court of Appeals?  Yes ☐      No ☐

(c) If yes, did you present the issue in a:
      Direct appeal          ☐
      First petition          ☐
      Second petition       ☐
      Third petition          ☐

(d)  If you did not present the issue in Ground Four to the Arizona Court of Appeals, explain why: ____

_____

_____

_____

(e) Did you present the issue raised in Ground Four to the Arizona Supreme Court?  Yes ☐      No ☐

9

**Please answer these additional questions about this petition:**

13.  Have you previously filed any type of petition, application or motion in a federal court regarding the conviction that you challenge in this petition?      Yes ☐          No ☐

    If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available:  _____

_____

_____

_____

_____

_____

_____

14.  Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, as to the judgment you are challenging?   Yes ☐          No ☐

    If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, and the issues raised:  _____

_____

_____

_____

_____

_____

15.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment you are challenging?        Yes ☐          No ☐

    If yes, answer the following:

    (a) Name and location of the court that imposed the sentence to be served in the future:

_____

_____

_____

    (b)  Date that the other sentence was imposed:  _____

    (c)  Length of the other sentence:  _____

    (d)  Have you filed, or do you plan to file, any petition challenging the judgment or sentence to be served in the future?        Yes ☐          No ☐

10

16.  TIMELINESS OF PETITION: If your judgment of conviction became final more than one year ago, you must explain why the one-year statute of limitations in 28 U.S.C. § 2244(d) does not bar your petition.*

_____
_____
_____
_____
_____
_____
_____
_____
_____

*Section 2244(d) provides in part that:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

17.  Petitioner asks that the Court grant the following relief: _____
_____
_____
_____

or any other relief to which Petitioner may be entitled.  (Money damages are not available in habeas corpus cases.)

I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____(month, day, year).

_____

**Signature of Petitioner**

_____          _____

Signature of attorney, if any                                            Date

11

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| _____ , )<br>Petitioner, ) | CASE NO. _____ |
| vs. ) | |
| _____ , )<br>Respondent(s). ) | APPLICATION TO PROCEED<br>*IN FORMA PAUPERIS*<br>BY A PRISONER<br>(HABEAS) |
| _____ ) | |

        I, _____ , declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

        In support of this application, I answer the following questions under penalty of perjury:

1.    Are you currently employed at the institution where you are confined?        **G**Yes        **G**No
       If "Yes," state the amount of your pay and where you work. _____
       _____
       _____

2.    Do you receive any other payments from the institution where you are confined?        **G**Yes        **G**No
       If "Yes," state the source and amount of the payments. _____
       _____
       _____

98-ifphab
Revised 6/98

1

3.  Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined?                                                         **G**Yes      **G**No

If "Yes," state the sources and amounts of the income, savings, or assets. _____

_____

_____

I declare under penalty of perjury that the above information is true and correct.

_____                    _____
             DATE                                                                   SIGNATURE OF APPLICANT

---

CERTIFICATE OF CORRECTIONAL OFFICIAL
AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

I, _____, certify that as of the date applicant signed this application:
         (Printed name of official)

The applicant's trust account balance at this institution is:  $_____.

_____
DATE              AUTHORIZED SIGNATURE          TITLE/ID NUMBER          INSTITUTION